UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANETTE LOFTON,                              Case No. 12-10327

        Plaintiff,                    District Judge Bernard A. Friedman

v.                                            Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is a Social Security Disability appeal brought under 42 U.S.C. § 405(g). Before the Court is Defendant Commissioner's Motion to Dismiss [Doc. #7], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED, and that the Defendant be ordered to file an answer to Plaintiff's complaint.

### I.   FACTS

      Plaintiff filed her *pro se* Complaint on January 25, 2012, along with an application to proceed *in forma pauperis* ("IFP"), challenging a final decision denying her claim for disability benefits under Titles II and XVI of the Social Security Act. The administrative history of this case is set forth in the declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review, Branch 3, Office of Disability Adjudication and Review, Social Security Administration. Mr. Herbst's declaration is attached to Defendant's motion. On July 13, 2011, an Administrative Law Judge issued a decision denying Plaintiff's claim

for benefits. *Herbst Declaration*, ¶ 3(a). On November 10, 2011, the Appeals Council sent Plaintiff a notice of its decision denying review, and advising Plaintiff of her right to commence a civil action within 60 days of receipt. *Id.* On January 20, 2012, Plaintiff filed a request with the Appeals Council for additional time to file a civil action. *Id.* ¶ 3(b). In her request, which is attached to Mr. Herbst's Declaration, Plaintiff stated that her conditions, including "deep episodes of depression" and bipolar disorder, made it difficult for her to concentrate. She stated, "Sometime the low periods [of depression] out number the high periods and when this happens, I am unable to concentrate for periods at a time and it takes me much longer to handle or relate to situations, especial[ly] a major denial where I need to answer to a court." She also stated that although she tried to find an attorney to handle her appeal, "they turned me down and told me to try to file the civil action myself." She requested an additional 60 days or "the most allowable amount of extended time as you can."

The Appeals Council denied that request on February 17, 2012. Plaintiff filed her complaint on January 25, 2012.

## II. LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeal Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.' " *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III. DISCUSSION

The Appeals Council mailed its Notice of Action to Ms. Lofton on November 10, 2011. Adding the five days for mailing, the 60-day period to file for judicial review expired on January 16, 2012. Thus, it is clear that Ms. Lofton filed her complaint nine days past the statutory deadline, and her complaint must be dismissed unless she can show entitlement to equitable tolling. Applying the five *Cook* factors, I find that she is entitled to equitable tolling.

The lack of actual notice and the lack of constructive knowledge of the filing requirement can be considered together. Ms. Lofton does not deny that she received actual notice. This would tend to weigh against her. However, as discussed below, she misunderstood how the time was to be calculated.

Despite the late filing, Ms. Lofton has been diligent in pursuing her rights. She requested an extension of time from the Appeals Council, citing her problems with depression and her difficulty in finding a lawyer to represent her. While her complaint was filed late as a matter of law, it was file one day prior to the date she erroneously calculated, and only nine days after the due date. In other words, Ms. Lofton *thought* that she was filing her complaint timely. This shows that although proceeding *pro se*, she was doing what she could as a lay person to have her case heard in this Court.

A substantive decision in this case will be based on the administrative record, and there will be no discovery. There would be no actual prejudice to the Defendant, other than the passage of time.

Finally, in her response to this motion [Doc. #9], Plaintiff indicates that when she calculated the 60-day date for filing her complaint, she excluded Sundays and holidays, including Thanksgiving, Christmas, New Year, and the Martin Luther King holiday. Again, she is proceeding without counsel, and I am disinclined to deny her full review of her case simply because she filed her complaint nine days late based on an understandable lay person's misunderstanding of the way dates are calculated.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #7] be DENIED, and that the Defendant be ordered to answer Plaintiff's complaint.

Any objections to this Report and Recommendation must be filed within 14 days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 28, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 28, 2013.

Johnetta M. Curry-Williams
Case Manager