UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANETTE LOFTON,                              No. 12-10327

        Plaintiff,                             District Judge Bernard A. Friedman

v.                                                          Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability appeal brought under 42 U.S.C. § 405(g). Before the Court is the Commissioner's *Motion to Dismiss Defendants* [Doc. #18] filed on September 16, 2013. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has not responded. For the reasons discussed below, I recommend that Defendants' unopposed motion be GRANTED, dismissing claims against Defendants Barbara L. McQuade, Grace Kim, and Russell J. Cohen with prejudice.

**I.   FACTS**

      Plaintiff filed the present action in this Court on January 25, 2012. On April 10, 2012, Defendant Commissioner filed a motion to dismiss on the basis that the Complaint was not timely. *Docket #7*. On March 13, 2013, the Honorable Bernard A. Friedman, adopting the undersigned's Report and Recommendation, denied the motion. *Docket #12-13*.

      On May 4, 2012, prior to the resolution of the first dismissal motion, Plaintiff

added Barbara L. McQuade, United States Attorney; "Kim Grace,"[1] and Russell J. Cohen as Defendants. *Docket #11*. These Defendants contend that they are entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), on the basis of sovereign immunity, and because of Plaintiff's failure to effect proper service pursuant to Rule 12(b)(4) and (5).

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a

---

[1] This Defendant will be henceforth referred to as Grace Kim. Defendants note that "Kim Grace," apparently refers to Grace Kim, the former Acting Regional Chief Counsel for the Social Security Administration, Region V. *Defendants' Motion* at 1.

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

On May 4, 2012, Plaintiff appears to have inadvertently added present movants as Defendants when serving her response to the previous motion to dismiss. *Docket #9-11*. Neither the Complaint nor response to the previous motion to dismiss mentions these individuals, much less states a cause of action against them. *Docket #1, 7*. Dismissal under Fed. R. Civ. P. 12(b)(6) on this basis alone is appropriate.

Defendants also argue correctly that movants are entitled to sovereign immunity. *Motion* at 3-4 (citing *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F. 2d 113, 115 (6th Cir. 1988))("It is well settled that the United States as a sovereign is immune from suit unless it has expressly waived such immunity . . . and that the bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants")(internal citations omitted). 42. U.S.C. § 405(h) states plainly that sovereign immunity has not been waived in actions brought under § 405(g):

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*See also Southern Rehabilitation Group, P.L.L.C. v. Secretary of Health and Human Services,* --- F. 3d --- 2013 WL 5663736, *6 (6th Cir. October 18, 2013).

Because Plaintiff's failure to state a claim against these individuals and principles of sovereign immunity mandate dismissal with prejudice, the Court need not consider Defendants' argument for dismissal on the basis of insufficient service of process.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #18] be GRANTED, dismissing claims against Defendants Barbara L. McQuade, Grace Kim, and Russell J. Cohen with prejudice.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947

(6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen  
                                                R. STEVEN WHALEN  
                                                UNITED STATES MAGISTRATE JUDGE

Date: October 27, 2013

CERTIFICATE OF SERVICE

I hereby certify on October 27, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the foloowing non-registered ECF participants on October 25, 2013: NONE.

                                                s/Carolyn Ciesla for Michael Williams  
                                                Case Manager for the  
                                                Executive Magistrate Judge R. Steven Whalen